135 N.J. Super. 200 (1975)
343 A.2d 97
JOHN BORLAND, JR., ET AL., APPELLANTS,
v.
RICHARD McDONOUGH, ETC., ET AL., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 3, 1975.
Decided July 3, 1975.
*201 Before Judges MATTHEWS, FRITZ and BOTTER.
Mr. Harold Krieger argued the cause for appellants (Messrs. Krieger & Chodash, attorneys; Mr. David Feinsilver, on the brief).
Mr. Omer F. Brown, II, Deputy Attorney General, argued the cause for respondents (Mr. William F. Hyland, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
PER CURIAM.
This case is a companion to Borland v. Bayonne Hospital, 122 N.J. Super. 387 (Ch. Div. 1973), which we affirmed this date.
After the Chancery Division judge granted summary judgment in favor of defendant hospitals in the companion case, the action remained pending against defendant Commissioners. The Commissioners then moved before the Chancery Division to transfer that action to this court since it then consisted of an appeal from an administrative decision of a state agency. See R. 2:2-3(a)(2). The motion was granted. Thereafter we remanded the pending action to the Commissioners for expansion of the record. The record, as expanded, has been returned and we proceed to a disposition of the merits.
*202 Basically, plaintiffs complain that the differential in the rates paid by the Hospital Service Plan of New Jersey (Blue Cross) to hospitals as per diem reimbursement are discriminatory against them because that rate is lower than the rate charged by the hospitals to non-Blue Cross subscribers. The same constitutional arguments advanced in Borland v. Bayonne Hospital, above, are advanced here. The arguments of discrimination involving the Equal Protection Clause were rejected in the companion case by the Chancery Division judge, and we affirmed that rejection. We see no reason to change our decision because of the arguments advanced here. We are satisfied that there is a failure on the part of plaintiffs to prove that the differential in rates charged by the hospitals because of the action of the commissioners constitutes either a deprivation of due process or equal protection.
Plaintiffs also contend that the statute relevant to the duties of the Commissioners in approving reimbursement rates mandates that the hospitals be reimbursed so that they recoup their total costs. The statute in question, N.J.S.A. 26:2H-18, reads in pertinent part:
b. Payment by government agencies for health care services provided by a health care facility shall be at rates established by the commissioner, based on elements of costs approved by him. * * *
d. * * * In establishing such rates, the commissioners shall take into consideration the total costs of the health care facility.
We do not read the statute as requiring that the rates fixed reimburse the hospitals so that they recoup their total cost outlay; rather, the statute clearly requires only that the Commissioners consider the total costs in determining the percentage of costs to be reimbursed. To hold otherwise would divest the Commissioners completely of discretion and actually render unnecessary the approval proceedings required by the Legislature under the statute, thus reducing the Commissioners' duties to nothing more than a rubber stamp.
*203 Plaintiffs next argue that the guidelines under which the Commissioners are to determine the approved reimbursement rates are unduly vague. As noted, the statutes require that the Commissioners approve reimbursement rates after considering the hospitals' total costs. The legislative scheme established obviously relies upon the Commissioners' expertise and the proper use of discretion in a very complex area. Delineation of specific statutory guidelines would serve only to restrict the Commissioners' exercise of discretion. The exercise of discretion by the Commissioners, and the establishment of guidelines by them in carrying out the legislative mandate, are subject to judicial review. See N.J.S.A. 26:2H-17.
Finally, plaintiffs argue the Commissioners must hold hearings before setting reimbursement rates. We have so held recently in an unrelated case.
Affirmed.