JOHN BORLAND, JR., J. BARRON LEEDS, LOUIS POLEVOY, IRVING KAPLAN, IRVING LEVY, JOHN NICCOLLAI, AS TRUSTEES OF THE WELFARE FUND OF LOCAL 464, AMALGAMATED MEAT CUTTERS FOOD STORE, EMPLOYEES UNION, AFL-CIO AND HOWARD MARKS, PLAINTIFFS-APPELLANTS, v. BAYONNE HOSPITAL, BERGEN PINES COUNTY HOSPITAL, BETH ISRAEL HOSPITAL, CLARA MAASS MEMORIAL HOSPITAL, ENGLEWOOD HOSPITAL ASSOCIATION, GREATER PATERSON GENERAL HOSPITAL, HACKENSACK HOSPITAL, IRVINGTON GENERAL HOSPITAL, HOLY NAME HOSPITAL, THE HOSPITAL CENTER AT ORANGE, MONMOUTH MEDICAL CENTER, MORRISTOWN MEMORIAL HOSPITAL, MOUNTAINSIDE HOSPITAL, NEWARK BETH ISRAEL MEDICAL CENTER, RIVERDELL HOSPITAL, SADDLE BROOK HOSPITAL, SAINT BARNABAS MEDICAL CENTER, ST. MICHAEL'S MEDICAL CENTER, SOUTH AMBOY MEMORIAL HOSPITAL, ST. JOSEPH'S HOSPITAL, ST. MARY'S HOSPITAL OF HOBOKEN, ST. MARY'S HOSPITAL OF PASSAIC, THE BLUE CROSS-BLUE SHIELD PLAN OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

JOHN BORLAND, JR., J. BARRON LEEDS, LOUIS POLEVOY, IRVING KAPLAN, IRVING LEVY, JOHN NICCOLLAI, AS TRUSTEES OF THE WELFARE FUND OF LOCAL 464, AMALGAMATED MEAT CUTTERS FOOD STORE, EMPLOYEES UNION, AFL-CIO AND HOWARD MARKS, PLAINTIFFS-APPELLANTS, v. RICHARD McDONOUGH, COMMISSIONER OF INSURANCE OF THE STATE OF NEW JERSEY, AND JAMES R. COWAN, M. D., COMMISSIONER OF HEALTH OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Argued November 22, 1976—Decided January 13, 1977.

*Mr. Harold Krieger* argued the cause for appellants (*Messrs. Krieger & Chodash,* attorneys).

Mr. *Bruce D. Shoulson* argued the cause for respondent hospitals and Hospital Service Plan of New Jersey (*Messrs. Lowenstein, Sandler, Brochin, Kohl & Fisher,* attorneys for Newark Beth Israel Medical Center; *Messrs. Winne & Banta,* attorneys for Hackensack Hospital Association; *Messrs. Lebson & Prigoff,* attorneys for Englewood Hospital Association; *Messrs. Johnson, Johnson & Murphy,* attorneys for St. Joseph's Hospital and Medical Center; *Messrs. Schenck, Price, Smith & King,* attorneys for Morristown Memorial Hospital; *Messrs. Booth, Bate, Hagoort, Keith & Harris,* attorneys for Mountainside Hospital; *Messrs. Riker, Danzig, Scherer & Debevoise,* attorneys for The Hospital Center at Orange and St. Barnabas Medical Center; *Messrs. Wilentz, Goldman & Spitzer,* attorneys for South Amboy Memorial Hospital; *Messrs. Pitney, Hardin & Kipp,* attorneys for Hospital Service Plan of New Jersey; *Messrs. McCann and McCann,* attorneys for Saddle Brook General Hospital; *Messrs. Mandak, Roth & Ferrante,* attorneys for St. Mary's Hospital of Passaic; *Messrs. Smith, Kramer & Morrison,* attorneys for Clara Maass Memorial Hospital; *Messrs. Kein, Pollatschek & Iacopino,* attorneys for Irvington General Hospital; *Messrs. Milton, Keane & Brady,* attorneys for St. Michael's Medical Center and St. Mary's Hospital of Hoboken; *Mr. Vincent P. Rigolosi,* Bergen County Counsel, attorney for Bergen Pines County Hospital; *Messrs. Morrison & Griggs,* attorneys for Greater Paterson General Hospital; *Messrs. Clapp & Eisenberg,* attorneys for Riverdell Hospital; *Messrs. Giordano & Halleran,* attorneys for Monmouth Medical Center; *Mr. Elmer Friedbauer,* attorney for Beth Israel Hospital of Passaic; *Messrs. Breslin and Breslin,* attorneys for Holy Name Hospital).

Mr. *Wesley S. Caldwell, III,* Deputy Attorney General, argued the cause for respondent Commissioners of Insurance and Health of New Jersey (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

SULLIVAN, J. The summary judgment in favor of defendant Hospitals and defendant Hospital Service Plan of New Jersey (hereinafter Blue Cross) is affirmed for the reasons expressed by Judge Fink of the Chancery Division in his opinion reported at 122 *N. J. Super.* 387 (1973), aff'd o. b. 136 *N. J. Super.* 60 (App. Div. 1975). Also, the judgment in favor of the Commissioner of Health of the State of New Jersey and the Commissioner of Insurance of the State of New Jersey is affirmed for the reasons given by the Appellate Division in its opinion reported in *Borland v. McDonough,* 135 *N. J. Super.* 200 (1975). We add the following comments to those opinions.

Plaintiffs appealed to this Court as of right, *R.* 2:2–1(a) (1), alleging a violation of their constitutional rights. Essentially they contend that they were denied procedural due process in not being allowed to proceed to a plenary hearing, with accompanying discovery, in which the true processes by which Blue Cross reimbursement rates to defendant Hospitals are established could be further illuminated. They also claimed a denial of substantive due process in a statutory scheme which, in the absence of a compelling state interest, results in a confiscatory taking of plaintiffs' property. Finally, they argue that the same statutory scheme lacks sufficient standards so as to amount to an unconstitutional delegation of legislative power and, as administered and implemented, is not rationally related to a proper governmental purpose and denies them equal protection under law.

The alleged factual basis for these contentions is that the rates agreed to by Blue Cross and defendant Hospitals, and approved by the Commissioners of Health and Insurance, by which Blue Cross reimburses the hospitals for health care services rendered to Blue Cross subscribers are lower than the actual cost of such services. In order to make up the deficit, the hospitals then must charge non-Blue Cross patients higher rates with the result that payments of these

higher rates by such patients (which include plaintiffs) actually subsidize the Blue Cross program.

█ Plaintiffs' contention that they are entitled to a plenary hearing to develop their factual case is not convincing. The record, as expanded, sets forth in detail the procedure and method of computation by which Blue Cross reimbursement rates are fixed. We have an adequate exposure of the statutory scheme as administered and implemented. See *N. J. S. A.* 17:48–7; *N. J. S. A.* 26:2H–18. Plaintiffs' major factual contention — that the rates fixed by the Commissioners of Health and Insurance by which Blue Cross reimburses defendant Hospitals for services rendered Blue Cross subscribers are lower than the rates charged plaintiffs and other non-Blue Cross subscribers — is conceded.

█ Nor are plaintiffs' other factual assertions supported by the record to any substantial degree. It appears that the rates by which Blue Cross reimburses the hospitals for services rendered Blue Cross subscribers are based on a method of computation which excludes specified operating expenses of the hospitals. However, the excluded expenses either do not involve services rendered Blue Cross subscribers, are items of expense for which recovery is had from other sources, or are not for services for which Blue Cross is billed at a different rate.[1] The method of calculation does take into consideration the total expenses of the hospital even though it allows for adjustments in computing the cost of health care service for Blue Cross subscribers not necessarily allowed in the charges to non-subscribers. These adjustments have not been shown to be arbitrary or unreasonable insofar as the pertinent statutes and regulations distinguish between hospital service corporations open to the general public, such as Blue Cross, and other health

---

[1]For example, the cost of research programs subsidized by special grants is excluded as are the costs of out-patient care since Blue Cross is charged the same rates for such care as is charged to non-subscribers.

plans restricted in their membership and coverage, and the general public not members of any health plan. There is a strong presumption as to the reasonableness of administrative action. One attacking such action has the burden of rebutting this presumption. Plaintiffs have failed to sustain this burden.

Blue Cross, organized pursuant to *N. J. S. A.* 17:48-1 *et seq.* complements the public health care program of this State. It has established and operates a hospital service plan whereby comprehensive health care services are made available on a non-profit basis. The plan is open to the public (including plaintiffs) as provided by statute. Such an organization and its operation clearly are affected with a public interest.

The declared public policy of this State is that health care services "of the highest quality, of demonstrative need, efficiently provided and properly utilized at a reasonable cost are of vital concern to the public health." *N. J. S. A.* 26:2H-1. The Legislature, as a means of achieving the goal of "reasonable cost," has empowered the Commissioners of Health and Insurance, after taking into consideration the total costs of the health care facility, to approve the "reasonableness" of the rates by which Blue Cross reimburses hospitals for services rendered its subscribers.[2] This legislative enactment does contain sufficient standards to control the administrative approval process. Applying such standards, a rational basis has been demonstrated for the exclusion of the operating expenses in question.

Plaintiffs also contend that they are denied due process and equal protection by a statutory program which regulates the reimbursement rates paid to hospitals for health care services rendered to Blue Cross subscribers, but makes no pro-

---

[2] The rates which Blue Cross charges its subscribers for health care coverage are also regulated by statute and must be approved by the Commissioner of Insurance. See *N. J. S. A.* 17:48-9. These rates obviously reflect what Blue Cross must pay for health care services rendered its subscribers.

vision for regulation of the charges made by hospitals to the general public (including plaintiffs). The result, say plaintiffs, is that non-Blue Cross patients are charged more and pay more for the same health care services.

However, such a differential in hospital rates becomes invidious only if it is shown that the classification from which the rate differential stems does not bear a reasonable relation to a permissible legislative objective. In *David v. Vesta Co.*, 45 *N. J.* 301, 315 (1965), we held that:

"* * * The constitutionality of a legislative classification is presumed, and one who assails the classification must carry the burden of showing its arbitrariness. A classification having some reasonable basis is not invalid merely because it is not made with mathematical nicety or because in practice it results in some inequality. And the classification must be upheld if any set of facts can reasonably be conceived to support it. In short, the equal protection clause forbids only invidious discrimination. * * *"

█ This principle is directly applicable to the situation here presented. We find hospital service corporations open for membership to the general public to be a sufficiently distinguishable category from other health care plans and from that of the general public, not members of any health plan, such that their different treatment in the respect here involved cannot be said to be arbitrary or to deny equal protection. We therefore find the regulation of reimbursement rates paid by a hospital service corporation not only to be reasonable and in furtherance of the stated public policy of this State in the field of public health care, but to be consonant with equal protection to all hospital users. Such regulation is reflected in the rates which Blue Cross is allowed to charge its subscribers to the end that health care protection be made available to the public at a reasonable cost. The judgments appealed from are affirmed.

*For affirmance*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN and PASHMAN and Judge CONFORD—5.

*For reversal*—None.